## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randy L. Tice, | : |
| Plaintiff, | : |
| vs. | : No. _____ |
| PSP Trooper Tyler Prisk, in his personal capacity only, and William Cory Stocker, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

### Complaint

Plaintiff Randy L. Tice by undersigned counsel Mette, Evans & Woodside files this complaint against PSP Trooper Tyler Prisk, in his personal capacity only, and William Cory Stocker, a private citizen.

**I.    Parties**

1. Plaintiff Randy L. Tice ("Tice") is an adult individual who is a resident of Centre County, Pennsylvania

2. Defendant Tyler Prisk ("Prisk") is a trooper employed by the Pennsylvania State Police. Prisk is sued in his personal capacity only.

3. Defendant William Cory Stocker ("Stocker") is an adult individual who maintains a principal place of business at 1454 Dreibelbis Street, State College, Centre County, Pennsylvania.

## II. Jurisdiction and Venue

4. Tice seeks relief *inter alia* under 42 U.S.C. § 1983 and attorneys fees under 42 U.S.C. § 1988. Jurisdiction is founded on 28 U.S.C. § 1331 as to claims against Defendant Prisk. Supplemental jurisdiction as to Plaintiff Tice's Pennsylvania common law claim against Defendant Stocker is founded on 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because Centre County is the place where a substantial part of the events or omissions giving rise to Tice's claims occurred.

6. Tice seeks both legal and equitable relief.

## III. Facts

7. The averments of the foregoing paragraphs are incorporated by reference.

8. In May of 2022, Tice asked Stocker Subaru, an automobile dealership and service center located at 1454 Dreibelbis Street, State College, Pennsylvania, to inspect a vehicle, because it was not running properly.

9. Stocker is well-known in the State College area, being on numerous advertisements in many public media as the "face" of Stocker Subaru and is a public figure.

10. The service department at Stocker Subaru advised Tice that his vehicle had shavings in its oil and that a new engine would be required at an installed price of $8,000.

11. Following this interaction, as an alternative to paying the price Stocker had quoted, Tice contacted a local junkyard to see if an engine were available.

12. Tice discovered that the engine Stocker Subaru proposed to install in Tice's vehicle would only cost $2,500 from the junkyard.

13. Further, Tice discovered that his car did not even have metal shavings in the oil but rather the only problem preventing the engine from running was in the air conditioning system for which his total cost of repair at another dealership was only $468.40.

14. Having been previously acquainted with Stocker, the owner of Stocker Subaru, and wanting to voice his displeasure at what he thought was attempted price gouging by the dealership, Tice on June 14, 2022 sent the following email to Stocker,

> Hi Cory
>
> Just want to let you know that after further review of the paperwork, I failed to reveal to you that your service manger and mechanic in their inspection revealed metel shavings in the oil and the car having no oil, but, they gave us back approximately for 4 quarts of oil out of the engine. Another Subaru mechanic in the area found absolutely no metal shavings in the oil filter which I still have.

>   The estimate to replace that engine was approximately $8000. I called a junkyard in millroy to see if they had an engine available and the 1st thing he asked me was "is this the Subaru sitting at stocker Subaru because they called about getting another engine also". The engine the junkyard had would have cost approximately $2500.
>   I'm not saying you or your Dad are at fault here, but, I think it's important for you all to know this crooked horse crap your employees are pulling on your costumers. Were they lieng to your costumer and myself? Absolutely! And they even put it in writing.
>   Again I do not blame you or your dad for this gross deception of service at Stocker Subaru! You should be informed about this issue to better your staff and service.
>
>   Thank you
>   Randy Tice

A copy of such email is attached as Exhibit A.

15. On July 11, 2022, Tice sent a second email to Defendant Stocker which stated,

>   You had my friend Bernie arrested for saying Gene Stocker what a "GOD DAMN LIER" you haven't fired anybody!!! You people are a bunch of fucken liars and I can prove it!!!! along with racist slur.
>   Have a nice week!!!
>   I'll show my hand when the time is right!!

A copy of such email is attached as Exhibit B.

16. With no response coming from Stocker to this email, Tice decided to publicly protest Stocker Subaru by standing on the public sidewalk along Dreibelbis Street in front of the Stocker Subaru dealership. A picture of the public sidewalk where Tice stood is attached as Exhibit C.

17. On July 11, 2022, Tice conducted a silent protest at such location and held a poster for passing traffic to see that stated,

> **STOCKERS**
> **QUOTE $8,000.00+**
> **FIXED $450<sup>00</sup>**
> **SOMEWHERE ELSE**

A picture of the poster Tice used in his protest is attached as Exhibit D.

18. After conducting his silent, one-man protest for approximately 45 minutes to an hour, three Pennsylvania State Police vehicles pulled up in front of Tice.

19. Prisk exited one of the vehicles and approached Tice.

20. Prisk falsely stated that Tice was on private property, despite Tice standing on an open, unmarked public sidewalk. See Exhibit B.

21. Prisk threatened that if Tice would continue his protest, he would be taken to "jail."

22. Prisk made this outrageous threat with the encouragement and at the instigation of Stocker, who had falsely asserted to Prisk that Tice was on private property owned by Stocker and/or Stocker Subaru.

23. It was evident that the sidewalk where Tice stood was within the area of a traditional right-of-way in Pennsylvania for public access, and was a publicly accessible walkway, and was a traditional public forum.

24. Tice, fearing arrest, ceased his protest and left the scene.

25. Prisk had no authority to order Tice to cease his silent protest on the public sidewalk.

26. Likewise, Prisk had no authority, as he threatened, to arrest or incarcerate Tice for conducting a silent, one-man protest on the public sidewalk.

27. Neither Stocker nor any company he owns or manages has authority to evict or direct any member of the public to leave the sidewalk where Tice was conducting his protest.

## Trespass Charge

28. On July 12, 2022, despite Tice having left the sidewalk when commanded, Prisk filed a charge of summary trespass in Magisterial District Court 49-3-02 ("MDJ Court") against Tice under 18 Pa.C.S. § 3505(b)(1)(ii), alleging that Tice had refused to leave private property when ordered by Prisk.

29. This charge was instigated and motivated by Stocker's false statement to Prisk that Tice was on private property owned by Stocker or Stocker Subaru.

30. Neither Stocker nor Stocker Subaru even owned the land where the public sidewalk was located.

31. After trial before the MDJ Court and appeal to the Centre County Court of Common Pleas, Tice was acquitted of the trespass charge.

## Harassment Charge

32. On July 12, 2022, Prisk also filed a charge of summary harassment in the MDJ Court under 18 Pa.C.S. § 2709(a)(3), alleging that the two emails Tice had sent (Exhibits A and B hereto), described in the citation as "multiple communications," had been sent with intent to harass, annoy or alarm in violation of the statute.

33. After trial before the MDJ Court and appeal to the Centre County Court of Common Pleas, the Commonwealth of Pennsylvania nolle prossed the charge.

## Ongoing Chilling of Tice's Rights to Speak and Protest

34. As a direct and proximate result of Prisk's threat of arrest and incarceration, Tice has suffered, and continues to suffer, deprivation of his right to publicly protest and speak against Stocker Subaru on the sidewalk in front of the Stocker dealership.

35. Prisk's un-withdrawn threat of arrest and incarceration, as well as Prisk's actual prosecution of Tice, continues to chill Tice's exercise of his right to speak and protest on the public sidewalk in front of Stocker Subaru.

36. Tice has no adequate remedy at law to prevent the prospective suppression of his right to freely speak and protest in front of Stocker Subaru.

## Count I
### Malicious Prosecution – Trespass Charge
### Pennsylvania Common Law
### (Against Defendant Stocker)

37. The averments of the foregoing paragraphs are incorporated by reference.

38. Stocker gave information to Prisk that he knew to be false or acted with reckless indifference as to the veracity thereof when urging Prisk to charge Tice with criminal trespass.

39. Stocker acted with malice, knowing the falsehood of, or acting with reckless and callous indifference toward the truth of, his statement to Prisk that Tice was on private property when Tice was in fact protesting on a public sidewalk.

40. Stocker was motivated to suppress Tice's exercise of his protected First Amendment rights and punish him therefor when pushing Prisko to charge Tice.

41. The criminal proceeding arising from the trespass charge terminated in Tice's favor.

42. As a result of such action, Tice has suffered damages for which he must be compensated including, without limitation, the costs of legal defense of the baseless charge for which he had to stand trial and file an appeal, humiliation,

oppression, and the suppression of constitutionally protected rights to speak and protest Stocker Subaru.

WHEREFORE, Plaintiff Randy Tice prays the court to ENTER JUDGMENT in his favor and against Defendant William Cory Stocker for nominal, compensatory and punitive damages for malicious prosecution, and further award costs of suit and whatsoever other relief as is just and equitable.

### Count II
**Retaliatory Prosecution**
**U.S. Const. amend. I**
**(Against Defendant Prisk)**

43.  The averments of the foregoing paragraphs are incorporated by reference.

44.  Prisk charged Tice for trespass in retaliation for Tice's protesting activity directed against Stocker Subaru.

45.  Tice was in a public place without any restrictions on his presence at the time of the incident, and Prisk's order to Tice to leave the public sidewalk was not in any way based on any breach of the peace.

46.  Prisk charged Tice for harassment in retaliation for Tice having sent two customer complaints to Stocker Subaru.

47.  Both Tice's silent protest and the emails Tice sent were protected speech under the First Amendment.

48. In the absence of Tice's exercise of such protected speech and protesting activity, Prisk would not have charged Tice with trespass or harassment.

WHEREFORE, Plaintiff Randy Tice prays the court to ENTER JUDGMENT in his favor and against Defendant Tyler Prisk in his personal capacity only for retaliatory prosecution in violation of Tice's protected First Amendment speech and protesting rights, awarding nominal and compensatory for retaliatory prosecution, and further award attorneys fees, costs of suit and whatsoever other relief as is just and equitable.

### Count III
### Suppression of Right to Free Speech
### U.S. Const. amend. I
### (Against Defendant Prisk)

49. The averments of the foregoing paragraphs are incorporated by reference.

50. Prisk's threat to jail Tice if he should continue his protest – a threat never withdrawn – continues to chill Tice's right to free speech.

51. Tice has no adequate remedy at law to prevent ongoing violation of his right to free speech.

WHEREFORE, Plaintiff Randy Tice prays the court to PERMANENTLY ENJOIN Defendant Tyler Prisk in his personal capacity from filing any citation or commencing or maintaining any criminal charge against Tice for protesting activities on the public sidewalk in front of Stocker Subaru or for sending customer complaint emails to Stocker Subaru in the nature of free speech protected by the First Amendment, and further grant attorney's fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

                Respectfully submitted,

                **METTE, EVANS & WOODSIDE**

By: _____
Aaron D. Martin
Pa. Atty. I.D. 76441
Sarah E. Straub
Pa. Atty. I.D. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com
sestraub@mette.com

*Attorney for Plaintiff,
Randy L. Tice*

Dated: May 18, 2023.