IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT VICINAGE

| | |
|---|---|
| RANDY L. TICE,<br>          Plaintiff, | DOCKET NO. 4:23-CV-00823 |
| v. | Jury Trial Demanded |
| PSP TROOPER TYLER PRISK, in his personal capacity only, and WILLIAM CORY STOCKER,<br>          Defendants. | |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

                                                **SUMMERS, McDONNELL, HUDOCK, GUTHRIE & RAUCH, P.C.**

                                        By:   Seth T. Black, Esquire
                                                Pa.I.D. 203075
                                                Carrie J. McConnell, Esquire
                                                Pa.I.D. 311501
                                                Counsel for William Cory Stocker
                                                945 E. Park Drive, Suite 201
                                                Harrisburg, PA 17111
                                                (717) 901-5916
                                                (717) 920-9129
                                                sblack@summersmcdonnell.com
                                                cmcconnell@summersmcdonnell.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT VICINAGE

RANDY L. TICE,                                        DOCKET NO. 4:23-CV-00823
     Plaintiff,

     v.                                                          Jury Trial Demanded

PSP TROOPER TYLER PRISK, in his
personal capacity only, and WILLIAM
CORY STOCKER,
     Defendants.

## STATEMNET OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, comes the Defendant, William Cory Stocker, and files the following Statement of Material Facts in Support of his Motion for Summary Judgment thereof avers as follows:

1. In his Amended Complaint, the Plaintiff has alleged only one count for malicious prosecution against this Defendant, William Cory Stocker (hereinafter referred to as "Defendant Stocker"). (ECF Doc. 20).

2. The Plaintiff's claim for malicious prosecution arises out of a citation the Plaintiff received for summary trespass pursuant to 18 Pa. Cons. Stat. § 33503(b)(1(i), issued by Pennsylvania State Police Trooper Tyler Prisk (hereinafter referred to as "Trooper Prisk"). (ECF Doc. 20, ¶¶ 39-46).

3. On July 11, 2020, Trooper Prisk was approached by Defendant Stocker, whom he had no prior relationship with. (Prisk Dep. 8:7-17).

4. Defendant Stocker reported to Trooper Prisk that had recently received multiple concerning emails from the Plaintiff. (Prisk Dep. 8:18-10:3).

5. Defendant Stocker showed Trooper Prisk the emails. (Prisk Dep. 8:18-10:3).

6. Trooper Prisk found one of the emails, an email sent by the Plaintiff on July 11, 2022, at 6:07pm, to be terrorizing and threatening toward Defendant Stocker. (Prisk Dep. 14:1-8; 59:7-17) (A true and correct copy of the Jul. 11, 2022 Email is attached hereto as "Exhibit A").

7. In this email, the Plaintiff called Defendant Stocker and his family "fucken liars", referenced "racist slur" and threatened "I'll show my hand when the time is right!!" (Exhibit A).

8. As a result, Trooper Prisk went to the Plaintiff's residence that same evening to interview the Plaintiff and investigate the emails. (Prisk Dep. 11:17-22; 12:15-20).

9. After finding the Plaintiff sleeping on his porch, Trooper Prisk advised the Plaintiff that he was investigating an email that he believed was "alarming." (Prisk Dep. 12:15-20; 13:15-14:8).

10. The Plaintiff, who had consumed at least three beers that evening, confirmed that he sent the emails to Defendant Stocker. (Tice Dep. 6:24-7:3).

11. Trooper Prisk advised the Plaintiff that he would be citing the Plaintiff for harassment. (Prisk Dep. 19:16-20:4).

12. Trooper Prisk also advised the Plaintiff that Defendant Stocker did not want any further contact with the Plaintiff on his private or business properties and that failure to abide by this verbal warning could result in a citation for simple trespass. (Prisk Dep. 20:9-16).

13. The next morning, on July 12, 2024, Trooper Prisk was notified by Defendant Stocker that the Plaintiff was standing on Defendant Stocker's business property, Stocker Subaru. (Prisk Dep. 22:4-18; 23:9-23 and Stocker Dep. 12:21-13:10).

14. Defendant Stocker requested a police response given the threatening email he had received the night before. (Prisk Dep. 24:14-19; Stocker Dep. 8:3-25; 16:16-24).

15. Mr. Stocker simply requested that the Plaintiff be advised that he is not allowed to be on his property. (Prisk Dep. 23:15-19).

16. When Trooper Prisk arrived at Stocker Subaru, he was shown a still image from some video surveillance of the property. (Prisk Dep. 25:20-25; 26:15-21).

17. Trooper Prisk observed an individual holding a sign in the parking lot of Stocker Subaru. (Prisk Dep. 25:20-25; 26:15-21).

18. Trooper Prisk asked Defendant Stocker to attempt to preserve the video surveillance and then went to look for the Plaintiff. (Prisk Dep. 28:1-6).

19. Trooper Prisk approached the Plaintiff as Mr. Tice was standing at the intersection of Dreibelbis Street and Shiloh Road. (Prisk Dep. 28:7-11)

20. The Plaintiff was holding a sign, protesting Stocker Subaru. (Prisk Dep. 29:23-30:4).

21. Trooper Prisk introduced himself to the Plaintiff and reminded him that he was the same trooper with whom he had spoken with the night before. (Prisk Dep. 32:2-13).

22. The Plaintiff stated he was holding his protest sign while standing on a sidewalk in front of Stocker Subaru. (Tice Dep. 10:22-25).

23. Trooper Prisk asked the Plaintiff to detail the route he took to get to the portion of the sidewalk where the Plaintiff claimed he stood protest. (Prisk Dep. 32:2-13; 33:13-24)

24. The Plaintiff told the Trooper that he parked his vehicle in the parking lot of Red Line Car Wash, which is located next to Stocker Subaru. Once he exited his vehicle, he walked across the parking lot of the Red Line Car Wash, through a grassy area, and then onto a sidewalk that is front of Stocker Subaru. (Prisk Dep.

32:2-13; 33:13-24; 47:25-49:22 and color copy of Prisk EX. 1, which is an exhibit to the deposition transcript).

25. Trooper Prisk accessed his Centre County GIS map to determine ownership of the properties that the Plaintiff said he walked through to get to the sidewalk in front of Stocker Subaru. (Prisk Dep. 39:8-12) (A true and correct copy of these property maps as produced by Trooper Prisk are attached hereto as "Exhibit B")

26. Upon review of these maps, Trooper Prisk determined that the Plaintiff walked, and therefore trespassed, across private business property which was owned by Defendant Stocker's family, in order to arrive at the portion of sidewalk where he claimed he was protesting. (Prisk Dep. 38:24-39:12 and Exhibit B).

27. Trooper Prisk advised the Plaintiff he would be receiving a citation for simple trespass. (Prisk Dep. 34:21-35:5).

28. Trooper Prisk's decision to charge the Plaintiff with trespass was not based upon information provided by Defendant Stocker, and he acted upon his own discretion. (Prisk Dep. 54:5-55:7).

29. Trooper Prisk based his decision to charge the Plaintiff with trespass upon the information he gathered during his investigation, including the Plaintiff's own statement about the route he took to get to the sidewalk in front of Stocker Subaru as well as his complete investigation of the incident. (Prisk Dep. 54:5-55:7).

30. After issuing the citation, a hearing was held before the presiding district magistrate. (Prisk Dep. 36:3-7).

31. Defendant Stocker was not present for this hearing. (Prisk Dep. 37:4-11).

32. Defendant Stocker was not able to retrieve the video surveillance of the Plaintiff. (Prisk Dep. 27:3-10 and Stockler Dep. 14:5-19; 15:1-3).

33. At the hearing, the only evidence presented was Trooper Prisk's testimony, and the GIS maps he used to demonstrate that the Plaintiff had traversed through private property on July 12, 2022. (Prisk Dep. 38:24-39:12 and Tice 13:10-25)

34. The district magistrate found the Plaintiff guilty of summary trespass. (Prisk Dep. 39:13-15).

35. The Plaintiff appealed this decision. (Prisk Dep. 39:16-17).

36. The District Attorney for Centre County ultimately decided to "*nolle prosecui*" the trespass charge. (Prisk Dep. 39:18-24; 40:14-21; 41:15-19).

37. Neither Trooper Prisk or Defendant Stocker objected to that decision. (Prisk Dep. 39:18-24; 40:14-21; 41:15-19).

                      Respectfully submitted,

                      **SUMMERS, McDONNELL, HUDOCK, GUTHRIE & RAUCH, P.C.**

By:    __/s *Carrie J. McConnell*_____
        Seth T. Black, Esquire
        Pa.I.D. 203075
        Carrie J. McConnell, Esquire
        Pa.I.D. 311508
        Counsel for William Cory Stocker
        945 E. Park Drive, Suite 201
        Harrisburg, PA 17111
        (717) 901-5916
        (717) 920-9129
        sblack@summersmcdonnell.com
        cmcconnell@summersmcdonnell.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of September, 2024, a true and correct copy of the foregoing **STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically with the Clerk of the District Court using its CM/ECF system, which will then electronically notify the following CM/ECF participants on this case:

| | |
|---|---|
| Aaron D. Martin, Esq.<br>METTE, EVANS & WOODSIDE<br>3401 North Front St.<br>P.O. Box 5950<br>Harrisburg, PA 17110-0950<br>admartin@mette.com<br>*Counsel for Plaintiff* | Christine C. Einerson, Esq.<br>OFFICE OF ATTORNEY GENERAL<br>Litigation Section 15th Floor,<br>Strawberry Square<br>Harrisburg, PA 17120<br>ceinerson@attorneygeneral.gov<br>*Counsel for Trooper Tyler Prisk* |

**SUMMERS, McDONNELL, HUDOCK, GUTHRIE & RAUCH, P.C.**

By:  \_\_/s *Carrie J. McConnell*
      Seth T. Black, Esquire
      Pa.I.D. 203075
      Carrie J. McConnell, Esquire
      Pa.I.D. 311508
      Counsel for William Cory Stocker
      945 E. Park Drive, Suite 201
      Harrisburg, PA 17111
      (717) 901-5916
      (717) 920-9129
      sblack@summersmcdonnell.com
      cmcconnell@summersmcdonnell.com